IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **Criminal No. 06-001** |
| | ) | **Electronically Filed** |
| JOSEPH P. RUDOLPH | ) | |

**Rulings on Objections to Final Jury Instructions**

Before the Court are objections by the government (doc. no. 57) and by defendant (doc. no. 56) to the Court's Final Jury Instructions dated April 18, 2006 (4:30 p.m.). The Court's rulings are as follows:

Government's Objection

Substantive Instruction No. 4.  The Court agrees with the government that Substantive Instruction No. 4 should be modified to track the definition of "dispense" as set forth in 21 C.F.R. § 208.3.  Thus, the following language of Substantive Instruction No. 4 will be deleted:

> To dispense means to deliver a prescription drug product to a patient or an agent of a patient - either directly or indirectly - by a licensed practitioner or an agent of a licensed practitioner, in a suitable container appropriately labeled, for subsequent administration to or use by a patient or other individual entitled to receive the drug.

The following language will be inserted in place of the deleted language:

> "Dispense" to patients means the act of delivering a prescription drug product to a patient or an agent of the patient either:
>
> (1) By a licensed practitioner or an agent of a licensed practitioner, either directly or indirectly, for self-administration by the patient, or the patient's agent, or outside the licensed practitioner's direct supervision; or
>
> (2) By an authorized dispenser or an agent of an authorized dispenser under a lawful prescription of a licensed practitioner.

Defendant's Objections

1.  <u>Substantive Instruction No. 9.</u>  As agreed and discussed at the pretrial conference on April 19, 2006, Substantive Instruction No. 9 on the Entrapment by Estoppel Defense will be modified by replacing "(2) affirmatively indicated to the defendant that certain criminal conduct was legal . . ." with "(2) affirmatively indicated to the defendant that the conduct in question was legal . . ."

2.  <u>Substantive Instruction No. 8.</u>  Defendant asserts that the last sentence of this instruction makes it "unnecessarily long, confusing and . . . neutraliz[es] the defense of 'Reliance on Advice of Counsel.'"  The last sentence reads "However, a person cannot intentionally and knowingly violate the law and excuse himself from the consequences by claiming that he consulted with counsel or followed the advice of counsel."

The Court does not agree that the final sentence of this instruction should be deleted. One sentence does not make this instruction "unnecessarily long," nor does the Court deem the challenged sentence to be confusing or as negating the advice of counsel defense.  The challenged sentence correctly informs the jury that one cannot avoid the legal consequences of an intentional and knowing violation of a law by the mere expedient of consulting with counsel. <u>See United States v. Traitz</u>, 871 F.2d 368, 382 n. 9 (3d Cir. 1989) (simple invocation of advice of counsel defense does not automatically insulate a defendant from liability; where advice of counsel is properly invoked, it becomes a matter to be considered by the jury in determining the defendant's guilt); <u>Modern Federal Jury Instructions</u>, Sand, Seiffert, Loughlin and Reiss (2005), section 8-4 ("On the other hand, no man can willfully and knowingly violate the law and excuse himself from the consequences of his conduct by pleading that he followed the advice of his

lawyer."). Nevertheless, the Court will clarify the challenged sentence by inserting the words underlined below, and will reorder the last two sentences. The following Substantive Instruction No. 9 will be rendered to the jury:

SUBSTANTIVE INSTRUCTION  NO. 8
RELIANCE ON ADVICE OF COUNSEL

      Defendant Rudolph has introduced evidence that he is not guilty of knowing wrongdoing, as charged in Count I of the indictment, because he acted on the basis of advice from counsel.

      If, before taking any action, a defendant, while acting in good faith and for the purpose of securing advice on the lawfulness of his possible future conduct, sought and obtained the advice of an attorney whom he considered to be competent, and made a full and accurate report or disclosure to this attorney of all important and material facts of which he had knowledge or the means of knowing, and then acted strictly in accordance with the advice his attorney gave following this full report or disclosure, then that defendant would not be knowingly doing wrong in performing some act the law forbids, as those terms are used in these instructions.

      However, a person cannot intentionally and knowingly violate the law and excuse himself from the consequences <u>of his conduct merely</u> by claiming that he consulted with counsel or followed the advice of counsel.

      Whether a defendant acted in good faith for the purpose of truly seeking guidance as to questions about which he was in doubt, and whether he made a full and complete report or disclosure to his attorney, and whether he acted strictly in accordance with the advice received, are all questions for you to determine.

      3.      <u>Defendant's Proposed "Good Faith Defense" Instruction (Request No. 12)</u>.

The Court overrules defendant's objection to the lack of an instruction on a separate "good faith" defense. In <u>United States v. Gross</u>, 961 F.2d 1097, 1102-03 (3d Cir. 1992), the United States  Court of Appeals for the Third Circuit, adopting what has become the majority

view among the circuits, held that a trial court does not abuse its discretion in denying a good faith instruction where the instructions given already contain a specific statement of the government's burden to prove the elements of a "knowledge" crime.  United States v. Leahy, --- F.3d ----, 2006 WL 740079, *12 (3d Cir. 2006) (reaffirming Gross).  However, the Court of Appeals commended to the discretion of the district courts whether, "in the exercise of their discretion[, to use such an instruction] as a supplement to the 'knowing and willful' charge in future cases."  Gross, 961 F.2d 1103.

     The offense charged herein is a "knowledge" crime and the Court will give the knowledge instruction upon which the parties agreed. ("knowedge . . . means that [defendant] was conscious and aware of his actions, realizing what he was doing or what was happening around him and did not act because of ignorance, mistake, or accident. . . .  In order to sustain its burden of proof, the government must prove that the defendant acted knowingly.  A person acts knowingly if he acts intentionally and voluntarily, and not because of ignorance, mistake, accident or carelessness.  Whether the defendant acted knowingly may be proven by the defendant's conduct and by all the facts and circumstances surrounding the case.")

     Additionally, the Court will instruct the jury on the advice of counsel defense and on the entrapment by estoppel defense, both of which contain a good faith component, and will instruct the jury that it is the burden of the government to prove "beyond a reasonable doubt that the defendant was not mislead by the statements or actions of a government official, and did not reasonably rely on such statements or actions."  See United States v. Dodd, 225 F.3d 340, 349-50 (3d Cir. 2000) (noting the "divided jurisprudence, without any clear default rule as to how affirmative defenses generally should be treated," but placing the defense of entrapment in the

class of defenses in which the government must bear the burden of proof, stating it "seems reasonable that the government should bear the burden of disproving a defense whose very essence is the allegation of illegitimate government conduct."  citations omitted).[1]

In this Court's view, defendant's good faith is adequately covered by the instructions as a whole, in light of the instruction on knowledge, and the good faith components of the instructions that will be given in regard to the advice of counsel and entrapment by estoppel defenses.  A separate instruction proffered on good faith is likely to unduly emphasize defendant's purported good faith to the jury.

However, the Court deems it helpful and appropriate to add explanatory language to the advice of counsel instruction, which is the first time "good faith" is mentioned in the final jury instructions.  Accordingly, the Court will add the following language to the advice of counsel instruction, Substantive Instruction No. 8 : "While the term "good faith" has no precise definition, it encompasses, among other things, a belief or opinion honestly held, an absence of

---

[1] The United States Court of Appeals for the Third Circuit held that the "entrapment by estoppel defense applies <u>where the defendant has established by a preponderance of the evidence</u>" that a government official told defendant that certain criminal conduct was legal, defendant actually relied on the official's statements, and defendant's reliance was "in good faith and reasonable in light of the identity of the government official, the point of law represented, and the substance of the official's statement." <u>United States v. Stewart</u>, 185 F.3d 112, 124 (3d Cir. 1999).  However, the Court of Appeals was not concerned in <u>Stewart</u> with the burden of proof in an entrapment by estoppel jury instruction, but was simply stating the obvious: a defendant must present sufficient evidence at the threshold, i.e., must meet his burden of <u>production</u>, to invoke this defense.  Where a defense negates an element of the charged offense, due process requires that the government disprove such a defense beyond a reasonable doubt.  This Court is confidant, in light of <u>Dodd</u>, that entrapment by estoppel, like entrapment in general (<u>see United States v. Wright</u>, 921 F.2d 42, 44 (3d Cir. 1990) (defendant bears initial burden of producing evidence of entrapment; government bears burden of persuasion)), is such a defense, and that the government must bear the burden of disproving this defense once defendant meets his burden of production.  See <u>Modern Federal Jury Instructions</u>, Sand, Seiffert, Loughlin and Reiss (2005), section 8-7.1 and comments.

malice or ill will, and an intention to avoid taking unfair advantage of another."

The Final Jury Instructions will be modified to reflect these rulings, and will be immediately filed hereafter. Exceptions to these rulings are noted, but counsel may place exceptions on the record at an appropriate time if they deem that procedure necessary to preserve their objections.

           **SO ORDERED** this 26th day of April, 2006.

           s/Arthur J. Schwab
           Arthur J. Schwab
           United States District Judge

cc:    All counsel of record

Shaun E. Sweeney, Esquire
United States Attorney's Office
700 Grant Street, Suite 4000
Pittsburgh, PA 15219

Frederick W. Thieman, Esquire
Thieman & Ward
436 Seventh Avenue
2312 Koppers Building
Pittsburgh, PA 15219

United States Probation Office
United States Marshal's Office